IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-105-B |
| | § | |
| AUDREY COLEMAN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before proceeding with a case, the Court has the duty to examine the basis for its subject matter jurisdiction, doing so on its own motion if necessary. *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Defendant Audrey Coleman ("Coleman"), proceeding *pro se*, removed this forcible detainer action brought by Plaintiff Bank of New York Mellon ("BNY") in County Court at Law No. 4, Dallas County. In the Notice of Removal, Coleman claims that this Court has jurisdiction pursuant to federal question and diversity jurisdiction. Doc. 3, Notice.

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented

on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

Here, BNY's Original Petition does not present a question of federal law, as it only asserts a state-law cause of action for forcible detainer. *See Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (holding that forcible detainer actions do not raise federal-law claims). In her Notice of Removal, Coleman claims federal question jurisdiction exists because her due process and civil rights were violated. Doc. 3, Notice at 3. Specifically, Coleman claims her due process rights were violated because the case involves a "taking of real property without due process" and her civil rights were violated "due to the fact defendant was not granted a trial by jury." *Id.* However, Coleman's due process and civil rights claims arise, if at all, out of her own averments in her notice of removal and not from BNY's Original Petition, as required under the well-pleaded complaint rule. *See Gromer v. Mack*, 799 F. Supp. 2d 704, 708 (N.D. Tex. 2011) ("The question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and a defense that raises a federal question is inadequate to confer federal jurisdiction." (internal alterations and quotation marks omitted)).

In cases brought pursuant to diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL

4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D.Tex. Sep. 11, 2012).

Here, the amount of damages has not been alleged in the state court petition, and Coleman has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In her Notice of Removal, Coleman claims "the defendant of Federal regulated institution and subject property exceeds $75,000 threshold." Doc. 3, Notice at 3. Coleman has failed to allege the value of the right to occupy or possess the property at issue. Moreover, her conclusory allegation does not demonstrate by a preponderance of the evidence that the jurisdictional minimum has been satisfied. The amount-in-controversy requirement has not been met, so the Court lacks diversity jurisdiction.

The Court further observes that Coleman claims there is diversity of citizenship among the parties because she is a citizen of the state of Texas and BNY is a citizen of the state of New York. Doc. 3, Notice at 3. Under the "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b)(2). Plaintiff BNY filed suit in the state of Texas and Coleman claims to be a citizen of the state of Texas, so the forum-defendant rule would preclude Coleman's removal of the case. However, this defect in Coleman's removal is procedural, and not jurisdictional, and therefore must be raised by BNY within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 393, 396 (5th Cir. 2009). As of the date of this Order, BNY has failed to object to removal based on the citizenship of Coleman. The Court, therefore, does not rely upon the defect as a basis for remanding the case.

The Court concludes that it lacks subject matter jurisdiction over this removed action and accordingly remands the case back to Dallas County Court at Law No. 4 in Dallas, Texas. Additionally, the Court notes that Coleman has now removed the same case twice to the Northern District of Texas. *See Bank of New York Mellon v. Coleman*, No. 3:12-CV-3971-D (N.D. Tex. 2012). On November 29, 2012, Judge Fitzwater entered an order remanding the forcible detainer action back to the county court due to a lack of subject matter jurisdiction. *See id.* (doc. 20). Coleman is **admonished** that **sanctions may be imposed** if she persists in filing and/or removing lawsuits over which this Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 11(b), (c)(1).

**SO ORDERED**.

**SIGNED: February 6, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE